JACOB CASTELBAUM, RESPONDENT, v. DAVID WOLFSON, APPELLANT.

Submitted March 25, 1918—Decided June 17, 1918.

1. The assumption, by the grantee in a conveyance, of a mortgage existing upon the premises conveyed is an agreement to assume and pay that mortgage, both principal and interest; and this is so notwithstanding the fact that the principal is specified in the assumption clause, and no express reference is made to the interest.
2. In the absence of fraud or illegality, where a written agreement is complete on its face, oral testimony will not be permitted either to contradict it, or to supply terms with respect to which the writing is silent.

On appeal from the Supreme Court.

For the appellant, *Thomas Brown.*

For the respondent, *Isidor Kalisch.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The material facts in the present case are thus stated in the brief of counsel for the appellant: "The suit is founded on an agreement wherein the respondent, the party of the first part, agreed with the appellant, the party of the second part, to convey a certain saloon business in the city of Perth Amboy, together with the stock of liquors and cigars. The sale was made subject to the following conditions: 'Subject to a mortgage of $950 (really $900) now held by the Peter Breidt Brewery, which the said party of the second part agrees to assume in addition to the consideration above named.' The respondent, who is the party of the first part to this agreement, was sued by the Peter Breidt Brewery, and was obliged to pay interest and costs on the chattel mortgage referred to in the foregoing provision of the agreement, and thereupon the respondent brought this action in the Supreme Court to recover

from the appellant the moneys which he claimed to have paid, and the costs and expenses, above the principal sum of the chattel mortgage."

The plaintiff had a verdict for the full amount of his claim, and judgment was entered thereon against the defendant.

The first ground of appeal is directed at a ruling of the trial court admitting in evidence, and permitting to be read to the jury, a transcript of the pleadings in the suit of the Peter Breidt Brewery against the plaintiff; the contention being that the only proper proof upon that point was a certified copy of the judgment itself. It is not necessary for us to consider the soundness of the legal proposition thus submitted, for the recovery of this judgment by the brewing company against the plaintiff was not a matter in controversy between the parties. It was averred by the plaintiff in his complaint, and was admitted by the defendant in his answer, and it is probably for this reason that counsel for the appellant in his brief states the recovery of this judgment as a fact. It is, of course, true that the amount of the judgment is not shown by this transcript; but it was proved by the testimony of the plaintiff without objection, as was its payment in full by him.

It is next argued that by the provision of assumption the defendant only became bound to pay the principal of the mortgage, and not the interest accrued and to accrue thereon. But this is not the extent of his legal obligation. The assumption by the grantee of a mortgage existing upon the premises conveyed is an agreement to assume and pay that mortgage, both principal and interest, notwithstanding the fact that the amount of the principal is recited in the assumption clause. The cases so holding are numerous, and no authority to the contrary is referred to by counsel for the appellant.

It is further contended that the court erred in excluding a conversation between the parties, had at the time of the execution of the agreement, as to what part of the interest, if any, should be assumed and paid by the defendant. We

think this testimony was properly excluded. The written contract is plain, and was an agreement on the part of the defendant to pay both the principal and the interest of the mortgage. Testimony offered for the purpose of proving a conversation had at the time of the execution and delivery of the agreement, which controverted the writing itself, is not admissible in the absence of fraud. No principle is more firmly imbedded in our law than that which declares that in the absence of fraud or illegality, where a written agreement is complete on its face, oral testimony will not be permitted either to contradict it, or to supply terms with respect to which the writing is silent. In such a case the writing must be accepted as a full expression of the agreement of the parties.

We are asked to reverse the judgment under review upon the further ground that the trial court erred in refusing to nonsuit the plaintiff at the close of his case. This motion was based upon the theory that the proof showed there had been an accord and satisfaction between the parties, the effect of which was to release the defendant from any further obligation with relation to the subject-matter of the present suit. A recital of the evidence upon which the defendant based his theory will serve no good purpose; it is sufficient to say that we have carefully examined it, and find nothing in it to support his contention. The motion to nonsuit was properly refused.

The appellant further contends that the judgment is erroneous in its amount, because the respondent was improperly permitted to recover not only the interest on the Breidt Brewery Company mortgage, but also the costs which he incurred in the Breidt litigation. As this contention, however, is unsupported by any ground of appeal, it has not received consideration at our hands.

Other grounds of reversal are specified in the appellant's reasons for appeal, but as they were none of them argued by counsel we have treated them as having been abandoned.

The judgment under review will be affirmed.

Atl. Coast Elec. Ry. Co. v. Public Utility Board.   *92 N. J. L.*

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   12.

*For reversal*—WHITE, J.   1.